## PARTRIDGE vs. McKINNEY.

*Ninth District Court, for Shasta Co., Sept. T.,* 1857.

### ABANDONMENT OF A MINING CLAIM.

There must be proof of an intent to abandon, or the act of abandonment for five years, to divest a party of his right to possession of a mining claim.

The facts in this case are substantially as follows: The plaintiff and *Townsend*, one of the defendants, were the prior owners of the property in dispute. *McKinney* and *Elmore*, the other defendants, bought of *Townsend* and took possession of the plaintiff's claim. *Townsend* claims that the plaintiff had abandoned the property and forfeited his rights, and that he became the successor in interest of plaintiff's portion and as such had the right to convey to *McKinney* and *Elmore*, who thereby acquired from him title to the plaintiff's portion, which, by abandonment, passed to him. The proof showed that the plaintiff and *Townsend* had subjected the property to their use.

It was also shown that *Townsend* was the agent of *Partridge*, and that *Partridge* had only been absent from the county eighteen months.

*Sprague & McMurtry*, for plaintiff.

*Garter & Combs*, for defendant.

DAINGERFIELD, J.—There must be proof of *actual* abandonment on the part of the plaintiff, or he must have absented himself for the period of five years before the law would presume an abandonment, if he had once established an ownership by actual possession.

Leaving the claim, even for a day, with the intention of not returning, would be an abandonment. It is the intention alone which constitutes an abandonment until the statute of limitation applies, and unless an intention to abandon is shown by acts or words, the law will not presume it until such time as the plaintiff would be barred from maintaining an action for the recovery of the property in dispute. Inasmuch as *Townsend* was the agent of *Partridge*, no length of time would give him the right to the property so that he could deed it to another who had knowledge of the agency, for the property could never be *abandoned* as long as the rights of plaintiff were represented. *Qui facit per alium facit per se.* *McKinney* and *Elmore*, therefore, took no rights by deed from *Townsend* to any property claimed by plaintiff.

Judgment accordingly.